IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POST APPLE, LLC,

Plaintiff,

v.

QUEDELLIS WALKER,

Defendant.

No. C 11-05042 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

On November 1, 2011, plaintiff Post Apple, LLC, moved to remand this action to the Superior Court of San Mateo County based on lack of subject-matter jurisdiction and failure to comply with the removal procedures (Dkt. No. 9). *Pro se* defendant Quedellis Walker failed to timely oppose. An order to show cause issued (Dkt. No. 15). Defendant failed to respond. A second order to show cause issued requiring defendant to file a written response by January 3, 2012, to show cause why the action should not be remanded (Dkt. No. 18). Defendant failed to respond.

Plaintiff filed this action in state court on August 26, 2011. The complaint states a single claim for unlawful detainer under California Code of Civil Procedure Section 1161a. Plaintiff argues in the instant motion that this action should be remanded for lack of subject-matter jurisdiction and because defendant failed to timely comply with removal procedures.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans*

*Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *Id*. at 566–67.

Defendant removed this action on the basis of federal-question jurisdiction (Dkt. No. 1 at 2). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. The complaint does not contain any federal claims. The complaint contains a single claim for unlawful detainer based on California Code of Civil Procedure Section 1161a. And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). Thus, there is no basis for federal-question jurisdiction. Because the order concludes subject-matter jurisdiction is lacking, there is no need to consider whether the removal was timely.

Plaintiff has also submitted a request for judicial notice of (1) the trustee's deed upon sale; (2) unlawful detainer complaint; and (3) notice of removal. There is no need to take judicial notice of these documents. The request is **DENIED**.

For the foregoing reasons, this action is **REMANDED** to the Superior Court of San Mateo County.

**IT IS SO ORDERED.**

Dated: January 5, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2